### McCAFFREY v. BUTLER.

(Supreme Court, Appellate Division, First Department. November 20, 1903.)

1. MOTION FOR PREFERENCE—WITHDRAWAL.
　　Where plaintiff moved to advance the date of trial on the ground that the case was a short cause, and papers for and in opposition to the motion were submitted, he could not withdraw the motion by notice to that effect in the notice of another motion to advance the trial on the same ground.

2. SAME—PENDENCY OF FORMER MOTION.
　　Where plaintiff moved to advance the trial of the case on the ground that it was a short cause, and papers for and in opposition to the motion had been submitted, another motion to the same effect and on the same grounds could not be granted while a first motion was pending.

Appeal from Special Term, New York County.

Action by Thomas G. McCaffrey against John R. Butler. From an order granting an application for a preference of the trial of the issues as a short cause, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Frederick B. House, for appellant.

Charles W. Lefler, for respondent.

LAUGHLIN, J. Without considering the merits of the application, the order must be reversed for the reason that at the time of making the motion a similar application was pending undetermined in the same court. In opposition to the motion, defendant's counsel presented an affidavit showing that issue had been joined and the cause had been noticed for trial for the May term, 1903; that a motion was made by the plaintiff, returnable in Part 2 of the Trial Term, presided over by Mr. Justice Leventritt, June 26, 1903, to advance the trial of this cause upon the same grounds upon which this motion was made; that the papers for and in opposition to the motion were duly submitted to the court; and that no decision has been rendered thereon. These facts are not controverted. The plaintiff attempted to withdraw the former motion by a notice to that effect in the notice of motion, which resulted in the order now under review. This notice, however, was ineffectual for that purpose. The motion could not be withdrawn, without the order of the court or the consent of the defendant, after the defendant had been put to the trouble and expense of opposing it. Nor could a new motion be made on the same facts without leave of the court. If this practice were to be sanctioned, then motion after motion could be made without limit, and one party might put his adversary to untold needless trouble and expense, and burden the courts with the re-examination of papers and the determination of questions that had been examined and determined over and over again by the same court, presided over by the same or another justice.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.